

United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CHARLES RAY SMITH | § | |
| | § | |
| V. | § | CASE NO. 4:04CV421 |
| | § | (Judge Brown/Judge Bush) |
| TEXOMA MANAGEMENT, ET AL. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Before the Court are Defendants Texoma Management, L.P. ("Texoma Management"), Mckinney Orchid Apartments ("McKinney Orchid"), Richard Thoms, and Nancy Sigrist's Motion to Dismiss (Docket #23) and Scott Fox and Debbie Fox's Motion to Dismiss (Docket #33). Having considered the motions, the Court is of the opinion that each should be granted.

Plaintiff filed his original complaint in the Northern District of Texas on November 9, 2004. The case was transferred to this Court on December 2, 2004. On March 21, 2005, Defendants Texoma Management, McKinney Orchid, and Nancy Sigrist jointly filed a motion for more definite statement, which was granted. Thereafter, Defendant failed to amend his complaint as instructed, and the Court recommended dismissal. Defendant objected, and the Court allowed Defendant additional time to amend his complaint. Defendant filed his First Amended Complaint on June 20, 2005. All named Defendant's have moved to dismiss Plaintiff's First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendant has failed to respond to either motion to dismiss.

The Defendants first move to dismiss Plaintiff's complaint pursuant to Federal Rule

of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. The Court notes that Plaintiff and all Defendants are Texas residents, and there is therefore no basis for diversity jurisdiction. Furthermore, Plaintiff has failed to allege any cause of action which would give the Court original jurisdiction. While Plaintiff designates the race and sex of various defendants and others in his complaint, he fails to allege that he was discriminated against in any way based on his race or sex. The facts, as stated, support no other possible violation of federal law. The Court thus finds that Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction.

All Defendants also move to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Prior decisions of both the United States Supreme Court and the Fifth Circuit Court of Appeals have made it clear that motions to dismiss for failure to state a claim upon which relief can be granted should not be granted lightly. For a complaint to be dismissed for failure to state a claim, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 78 S.Ct. 99, 102 (1957); *Reeves v. City of Jackson, Mississippi*, 532 F.2d 491 (5th Cir. 1976).

Absent a claim which is obviously insufficient, a court should not grant a Rule 12(b)(6) motion to dismiss, thereby denying the plaintiff an opportunity to develop facts to support his complaint. Moreover, sufficient procedures are available to a defendant to seek summary disposition of a lawsuit after a plaintiff has been afforded some opportunity to develop facts to support his complaint. *Reeves*, 532 F.2d at 494.

While Plaintiff's allegations are not entirely clear, he seems to allege that Defendants Nancy Sigrist and Dianne Smith conspired to have him removed from the property and to prevent him from attending his grandson's football game. Plaintiff also states that Defendant Nancy Sigrist solicited his grandson to purchase crack cocaine and refused to release Plaintiff's rental history so that he could move into another complex. Plaintiff finally alleges that Defendant Richard Thoms was found guilty of forging documents relevant to a state court eviction proceeding involving Plaintiff. Plaintiff makes no allegations against any other Defendant.

The Court finds that Plaintiff's complaint should likewise be dismissed for his failure to state a claim. Plaintiff has failed to mention Defendants Scott and Debbie Fox in the body of his complaint, and their relationship to this lawsuit is unclear. While Plaintiff mentions the other Defendants in the body of his complaint, he has not made sufficient factual allegations to support causes of action against any of the named Defendants. Furthermore, Plaintiff has failed to respond to either motion to dismiss, indicating an unwillingness to prosecute this lawsuit.

## RECOMMENDATION

Based upon the foregoing, it is the Court's recommendation that the Defendants' Motions to Dismiss be GRANTED and that the above titled and numbered cause of action be DISMISSED.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate

judge.  28 U.S.C.A.  § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  *Thomas v. Arn,* 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 16th day of August, 2005.**

```
                                    _____
                                    DON D. BUSH
                                    UNITED STATES MAGISTRATE JUDGE
```